United States District Court
Southern District of Texas
**ENTERED**
October 03, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ANGEL AVALOS, § | | |
|     Petitioner, § | | |
| § | | |
| v. § | CIVIL ACTION NO. 1:19-cv-54 | |
| § | CRIM. ACTION NO. B:14-748-1 | |
| UNITED STATES OF AMERICA, § | | |
|     Respondent. § | | |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On April 1, 2019, Petitioner Angel Avalos filed a motion to vacate, set aside or correct his sentence pursuant to 42 U.S.C. § 2255. Dkt. No. 1. On July 1, 2019, the Government timely filed a response brief. Dkt. No. 14. The crux of Avalos's motion is that the Court should correct its judgment to reflect that the instant sentence is to be served concurrently with his subsequently imposed state sentence for violating his parole.

After reviewing the record and the relevant case law, it is recommended that Avalos's petition be dismissed as untimely filed, or alternatively, denied as meritless.

### I. Background

#### A. Factual Background

##### 1. Indictment

On September 23, 2014, the grand jury indicted Avalos in a five-count indictment. U.S. v. Avalos, Criminal No. 1:14-748-1, Dkt. No. 18 (J. Hanen presiding) [hereinafter CR]. Avalos was charged with one count of conspiracy to bring illegal aliens into the United States in violation of 8 U.S.C. §§ 1324(a)(1)(A)(v)(I) & 1324(a)(1)(B)(iii) and four counts of transporting an illegal alien for private financial gain, causing serious bodily injury in the process, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii), (a)(1)(B)(i), (a)(1)(B)(iii). Id.

## 2. Rearraignment and Waiver of Appellate Rights

On October 15, 2014, pursuant to a written plea agreement, Avalos pled guilty to Count Two, transporting an illegal alien for private financial gain. CR Dkt. No. 39.

The Court established that Avalos had never been in a mental institution or treated for a mental illness of any kind; was not under the influence of any medications or drugs; was able to assist in his own defense; had discussed the charges with his attorney; and was satisfied with his attorney's representation. CR Dkt. No. 83, pp. 7-11. Avalos also informed the Court that he had not been forced to plead guilty; and that he understood that if the Court rejected his plea agreement, he would not have an automatic right to withdraw his guilty plea. Id, pp. 9-15.

Avalos also stated that he had seen and received a copy of the charges that had been filed against him; that he understood both the maximum possible sentence that he faced and the effect of the sentencing guidelines in his case. CR Dkt. No. 83, pp. 12-22. Avalos further stated that he understood his constitutional right to remain silent; his constitutional right to the assistance of counsel; his constitutional right to trial by jury; his constitutional right to a presumption of innocence that the government must overcome by proving guilt beyond a reasonable doubt; and, his constitutional right to cross-examine opposing witnesses and to subpoena witnesses on his behalf. Id.

Having stated that he understood all of his rights, Avalos pled guilty to transporting an alien for private financial gain, but reserved the right to contest whether his actions caused serious bodily injury. CR Dkt. No. 83, pp. 42-48.[1]

## 3. Presentence Report

In the final presentence report ("PSR"), Avalos was assessed a base offense level of twelve. CR Dkt. No. 73, pp. 10-11. He was also assessed a three-level enhancement

---

[1] The plea agreement contained a waiver of appellate rights. CR Dkt. No. 39. The United States did not seek to enforce the plea waiver in this case, instead arguing that Avalos's petition is untimely filed and substantively meritless. Dkt. No. 14. "In the absence of the government's objection to [Avalos's petition] based on his appeal waiver, the waiver is not binding because the government has waived the issue." U.S. v. Story, 439 F.3d 226, 231 (5th Cir. 2006). Accordingly, the argument is waived and the Court will not address the issue. Id.

because he transported 13 total aliens as part of his offense conduct. Id. Avalos was also assessed a two-level enhancement for "intentionally or recklessly creating a substantial risk of death or serious bodily injury to another person." Id. Avalos was further assessed a two-level enhancement because he smuggled a minor who was not accompanied by a parent or grandparent. Id. An additional four level enhancement was assessed because two people sustained a serious bodily injury during the commission of the offense. Id.[2] He was given a three-level reduction for acceptance of responsibility. Id, p. 12. Thus, Avalos was assessed a total offense level of 20. Id.

Regarding his criminal history, Avalos had 32 adult criminal convictions and was assessed 25 criminal history points. CR Dkt. No. 73, p. 12-22. He was assessed an additional two criminal history points because he was on state parole at the time he committed the instant offense. Id. Thus, he was assessed 27 total criminal history points, resulting in a criminal history category of VI. An offense level of 20 and criminal history category of VI, produced a sentencing guideline imprisonment range of 70 to 87 months.

On January 8, 2015, the Court issued an order, informing the parties that it was considering an upward departure from the sentencing guidelines. CR Dkt. No. 52.

### 4. Sentencing

On February 13, 2015, Avalos filed objections to the PSR. CR Dkt. No. 70. Avalos objected to the two-level enhancement for smuggling an unaccompanied minor on the grounds that there is no evidence in the record of the individual's age. Id. He also objected to the four-level enhancement for serious bodily injuries, arguing that a two-level enhancement for bodily injury would be more appropriate. Id.

Avalos was sentenced on February 24, 2015. CR Dkt. No. 84. The Court overruled Avalos's objections to the sentencing enhancements. Id., p. 4. Avalos's guideline sentencing imprisonment range remained 70 to 87 months. CR Dkt. No. 84, pp. 18-19.

---

[2] As Customs and Border Protections agents pursued Avalos's vehicle, he disregarded a stop sign and crashed his vehicle into a commercial van, causing serious bodily injury to several undocumented aliens in his vehicle. CR Dkt. No. 73, pp. 3-7.

In accordance with its earlier notice, the Court upwardly departed from the guideline range, sentencing Avalos to 120 months of incarceration for transporting an illegal alien. CR Dkt. No. 84, p. 23.[3]  The Court upwardly departed from the guideline sentence range based upon "the severity of this crime, the injuries he inflicted, and the seriousness of the offense, and to protect the public from future crimes of the defendant." Id.  Avalos was also sentenced to three years of supervised release.

As previously noted, Avalos was on state parole at the time that he committed the instant offense and faced possible incarceration from a potential parole revocation. CR Dkt. No. 73, p. 22.  The Court's oral sentencing statement, as set out below, was silent as to whether the instant sentence would be served consecutively or concurrently to any parole revocation sentence.

> All right. The Court adopts the factual findings and guideline applications in the presentence investigation report.  It's the judgment of the Court that the defendant, Angel Avalos, is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of 120 months. I am departing upwardly, given the severity of this crime, the injuries he inflicted, and the seriousness of the offense, and to protect the public from future crimes of the defendant.
>
> While in the custody of the Bureau of Prisons, it's recommended he participate in a substance abuse and mental health treatment program and participate in an educational program designed to receive a high school diploma or its equivalency.
>
> Upon release from imprisonment, Defendant shall be placed on supervised release for a term of three years. Within 72 hours of release from the custody of the Bureau of Prisons, Defendant shall report in person to the probation office in the district to which he's released.
>
> While on supervised release, Defendant shall not commit another state, federal or local crime, he shall comply with the standard conditions adopted by this Court, abide by any mandatory conditions required by law, and shall comply with the following additional conditions.

---

[3] The Court expressly found that Avalos's actions caused serious bodily injury to another. CR Dkt. No. 84, p. 21.  Accordingly, the statutory maximum sentence was 240 months imprisonment. 8 U.S.C. § 1324(a)(1)(B)(iii).

Defendant shall not possess a firearm, destructive device or other dangerous weapon. Defendant shall not illegally possess a controlled substance and shall refrain from any unlawful use of a controlled substance.

Defendant is required to participate in a mental health program as deemed necessary and approved by the probation office and will incur the costs associated with same as determined -- based on his ability to pay as determined by the probation office.

He shall participate in a program, inpatient or outpatient, for the treatment of drug and/or alcohol addiction, dependency or abuse, which may include but not limited to urine, breath, saliva and skin testing to determine whether Defendant has reverted to the use of drugs and/or alcohol.

Further, Defendant shall participate as instructed and as deemed necessary by the probation office and shall comply with all the rules and regulations of the treatment agency until discharged by the program director with the approval of the probation office. And he shall further submit to such drug detection techniques in addition to those performed by the treatment agency as directed by the probation officer and will incur the costs associated with same, based on his ability to pay as determined by the probation office.

If not completed during his imprisonment, he shall participate -- enroll and participate in an educational program designed to receive a high school diploma or its equivalency.

Defendant is required to provide the probation office access to any requested financial information if restitution is imposed, and I am going to impose restitution. And he's prohibited from incurring new credit charges or opening additional lines of credit without the approval of the probation office.

He shall cooperate in the collection of a DNA sample if it's authorized by statute.

Court imposes the felony assessment of $100. Court is not imposing a fine due to the restitution that I'm going to order in the case.

And the Court also orders as a term and condition that he not associate with Benito Laredo, his co-conspirator in this action.

It's ordered as a further condition of supervised release that the defendant, both jointly and severally with Benito Laredo, if he is so ordered,

5

  to pay restitution in the amount of $10,000 and -- $10,923.40 to Cano Produce Company Inc. Clearly the harm he caused to them by hitting their car or van is directly caused by him. Its harm cannot -- it's unquestionably harm which is compensable under the restitution statutes. He does have the ability to pay this amount if -- one can look at paragraph 119 and see his earning capability, and he has the ability to pay that.

  I'm not ordering the additional restitution, although I think I could order it; but I'm concerned that, No. 1, that some of the objections raised by Mr. Yzaguirre may be right. The statute does say it has to be reasonable and necessary. And, quite frankly, the amount is well over $200,000, and I'm not sure he has the ability to pay that.

CR Dkt. No. 84, pp. 24-26.

  Judgment was entered on March 17, 2015. CR Dkt. No. 76. The judgment was silent as to whether the instant sentence would be served consecutively or concurrently to any potential state parole revocation sentence. Id. Neither the District Court docket nor the Fifth Circuit docket reflect the filing of a direct appeal. A notice of appeal must be filed within 14 days from the entry of judgment. FED. R. APP. P. 4(b)(1)(A), 26(a)(2). Therefore, Avalos's deadline for filing a notice of appeal passed on March 31, 2015. Id.

  After sentencing, Avalos was returned to state custody, presumably to answer for violating his parole. CR Dkt. No. 78. A detainer was placed on Avalos to ensure that he would be taken into federal custody at the expiration of his state custody. CR Dkt. No. 80. Avalos was not placed in federal custody, to serve the instant sentence, until November 20, 2018. Dkt. No. 1-1, p. 2.

  The time that Avalos served in state custody, post-federal sentencing, has not been credited to his federal sentence. Id.[4]

---

[4] It is not known whether the state court directed that its sentence be served concurrent with the federal sentence; but that fact, even if true, would be immaterial to the resolution of this case. "Even though a state court may order its sentence to run concurrently with a federal sentence in a related case, the federal court is not bound by the state court's order. Instead, federal courts consider concurrent sentences imposed by state judges to be nothing more than recommendations to federal officials. The federal court is free to turn those concurrent sentences into consecutive sentences by refusing to accept the state prisoner until completion of the state sentence." U.S. v. Cibrian, 374 F. App'x 524, 529 (5th Cir. 2010) (cleaned up) (citing Leal v. Tombone, 341 F.3d

On September 13, 2019, Avalos filed a motion in his criminal case to correct the judgment to reflect that the state and federal sentences were to be served concurrently. CR Dkt. No. 86. On October 1, 2019, the Court denied the motion, affirming that the sentences were to be served consecutively. CR Dkt. No. 87.

### B. Motion to Vacate, Set Aside or Correct Sentence Pursuant to § 2255

On April 1, 2019, four years after his judgment became final, Avalos filed the instant § 2255 motion, requesting that the District Court vacate, set aside, or correct his sentence. Dkt. No. 1. Avalos makes one overarching claim: that his sentence in the instant case was supposed to be served concurrently with his state sentence. Dkt. No. 1. The specific relief requested is for the Court "to vacate and correct his post judgment [. . .] to include any state priors and order Bureau of Prisons to correct and modify his sentence computation." Id. In other words, Avalos is arguing that any time served in state custody — after his federal sentence was issued on February 24, 2015, and his placement in federal custody on November 20, 2018 — should be credited to his federal sentence.

On July 1, 2019, the Government timely filed a motion to dismiss. Dkt. No. 14. In its motion, the Government asserted that (1) the petition is untimely filed; and (2) Avalos's claims are substantively meritless. Id.

On August 12, 2019, the Court noted that Avalos's petition was a claim regarding the execution of his sentence, which is properly brought under § 2241, not § 2255. Dkt. No. 15. The Court stated that it was converting the instant petition into a § 2241 petition, unless Avalos objected. Id.

On August 26, 2019, Avalos timely objected to the Court converting his petition into a § 2241 petition. Dkt. No. 18. Accordingly, the Court rescinded its order converting the petition and reinstituted Avalos's § 2255 petition. Dkt. No. 20. It is that petition which is pending before the Court.

---

427, 429 n. 13 (5th Cir. 2003)). Thus, the only relevant consideration in this case is whether the District Judge ordered that the federal sentence be served concurrent to the state sentence.

## II. Applicable Law

### A. Section 2255

Avalos seeks relief pursuant to 28 U.S.C. § 2255. Dkt. No. 1. As relevant here, that section provides:

> (a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

Where a § 2255 petitioner exhausts or waives his direct appeal, courts may presume that he was fairly convicted. U.S. v. Willis, 273 F.3d 592, 595 (5th Cir. 2001). Generally, a petitioner may not raise on collateral attack issues that he failed to raise on direct appeal, absent a showing of cause and prejudice. Id.

"In a habeas action, federal courts stand willing to review issues of jurisdiction, allegations of substantial constitutional violations, and claims that exceptional circumstances resulted in a fundamental miscarriage of justice." Lawrence v. McCarthy, 344 F.3d 467, 474 (5th Cir. 2003).

### B. Timeliness

As relevant here, the Antiterrorism and Effective Death Penalty Act ("AEDPA"), as it applies to 28 U.S.C. § 2255, imposes a one-year period of limitation from the date on which judgment of conviction becomes final. 28 U.S.C. § 2255 (f)(1). This operates as a statute of limitations, rather than a jurisdictional bar, and is subject to equitable tolling. Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998).

The doctrine of equitable tolling is reserved for "rare and exceptional circumstances." Id. A petitioner bears the burden of establishing that equitable tolling is appropriate. U.S. v. Petty, 530 F.3d 361, 365 (5th Cir. 2008). The principle application of equitable tolling is where the petitioner has been actively misled about the cause of action

8

or is "prevented in some extraordinary way from asserting his rights." Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999). Equitable tolling is applicable only where a petitioner has otherwise diligently pursued his claim. Id. at 403.

## III. Analysis

A court may entertain and decide a § 2255 motion without requiring the production of the prisoner at a hearing. 28 U.S.C. § 2255.  Further, where the information available in the record and the clarity of the facts demonstrate a clear absence of entitlement to relief, a hearing is not required. U.S. v. Bartholomew, 974 F.2d 39, 41 (5th Cir. 1992) ("A motion brought under § 2255 can be denied without a hearing only if the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief.").  The record in this case satisfies this requirement, for which reason the motion can be decided without a hearing.

In analyzing Avalos's claims, a basic premise is that allegations by pro se litigants must be given liberal construction to ensure that their claims are not unfairly dismissed because of their unfamiliarity with the law. Haines v. Kerner, 404 U.S. 519, 520 (1972). Even applying that standard, neither the record – nor the law – support Avalos's claim.

### A. Timeliness

Avalos's § 2255 motion is untimely filed and should be dismissed.

Judgment in this case was entered on March 17, 2015. CR Dkt. No. 76.  Fourteen days later, on March 31, 2015, Avalos's deadline to file a notice of direct appeal expired. FED. R. APP. P. 4(b)(1)(A), 26(a)(2).  Avalos's conviction became final on that date. U.S. v. Plascencia, 537 F.3d 385, 388 (5th Cir. 2008).

The statutory deadline began to run when his conviction became final, not from the date that Avalos entered federal custody.  As relevant here, the one-year deadline to file the instant petition runs from the later of: (1) the date that the conviction becomes final; or (2) "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(1)-(4).  The latter deadline is inapplicable to this case, because the factual predicate for this claim – that the

written judgment did not conform to the oral pronouncement that the sentences were to be served concurrently – was available to Avalos when the written judgment was released.

He may not have fully understood the implications of the written judgment until he entered federal custody, but the limitations period is not based on when Avalos understood the import of the factual predicate, or even when Avalos had possession of the judgment. See Saenz v. U.S., No. CR M-03-498-10, 2013 WL 12404976, at *3 (S.D. Tex. Feb. 22, 2013) ("Section 2255(f)(4) refers to the discovery of the factual predicate of the claim, not the discovery of the legal theory or the legal significance of the facts"); Osborne v. Hall, 934 F.3d 428, 432 (5th Cir. 2019) (one-year clock begins running on "the date a petitioner is on notice of the facts which would support a claim, not the date on which the petitioner has in his possession evidence to support his claim.").

Accordingly, Avalos could have been aware of the factual predicate — with due diligence — on March 17, 2015, when the judgment was entered. CR Dkt. No. 76. Avalos's conviction became final on March 31, 2015, when his time to file a direct appeal expired. Because the statute runs from the later of the two dates, the one-year limitations period began running on March 31, 2015. Thus, Avalos had until March 31, 2016, to timely file his § 2255 petition.

Avalos certified that he placed his motion into the prison mail system on March 22, 2019. Dkt. No. 1, p. 13. Pursuant to the "prison mailbox" rule, a motion submitted by a prisoner is deemed filed when it is delivered into the prison mail system, regardless of when it is received by the district court. Houston v. Lack, 487 U.S. 266 (1988). Accordingly, after taking into account the prison mailbox rule, Avalos's § 2255 motion was still almost three years late.

Furthermore, there is no basis in the record for equitable tolling. Avalos states that he filed his petition late because his lawyer did not file a direct appeal. Dkt. No. 1, p. 12. Equitable tolling requires that Avalos pursue his rights diligently. U.S. v. Wheaten, 826 F.3d 843, 851 (5th Cir. 2016). Avalos is required to show that he exercised "reasonable diligence[.]" He is not required to prove "maximum feasible diligence." Holland v. Fla.,

560 U.S. 631, 653 (2010). Nevertheless, under any standard, Avalos failed to exercise the required diligence.

There is no evidence in the record that Avalos ever wrote to this Court or to the Fifth Circuit, seeking an update on the status of his requested appeal. Cf. Holland, 560 U.S. at 653 (noting that diligence was shown when the defendant repeatedly contacted the courts and clerk's office to seek additional information). If Avalos actually instructed his attorney to file a direct appeal, he made no effort to follow up on those efforts. The Fifth Circuit has concluded that "petitioners seeking to establish due diligence must exercise diligence even when they receive inadequate legal representation." Palacios v. Stephens, 723 F.3d 600, 607 (5th Cir. 2013) (quoting Manning v. Epps, 688 F.3d 177, 185 (5th Cir. 2012)).

There is no indication in the record, or in the Fifth Circuit docket, that Avalos ever tried to file an out-of-time direct appeal once he learned that his attorney had not filed a direct appeal. Cf., Holland, 560 U.S. at 653 (defendant demonstrated diligence when he filed a pro se habeas petition on the same day that he discovered counsel had failed to do so). There is no explanation given in this case for why Avalos waited four years after the date of his conviction to file his petition.

Even if the Court were to give Avalos the most possible leeway, in judging his claim to equitable tolling, it still fails. At the very least, Avalos had the potential to be aware in November 2018 that his state incarceration was not being credited to his federal sentence. Dkt. No. 1-1, p. 2. Yet, Avalos did not file his petition in this case until April 2019, over four months later. Dkt. No. 1. Missing the deadline by more than four months does not demonstrate reasonable diligence. Lann v. Dretke, 111 F. App'x 236, 237 (5th Cir. 2004).

In short, Avalos has not demonstrated reasonable diligence; for this reason, the Court does not need to reach the question of whether "rare and exceptional" circumstances are present. U.S. v. Perkins, 481 F. App'x 114, 119 (5th Cir. 2012). Equitable tolling is not warranted in this case.[5]

---

[5] It is unclear if Avalos is asserting that his attorney failed to file a requested notice of appeal or that his attorney failed to consult with him concerning a direct appeal. If Avalos is raising either

11

Accordingly, Avalos's petition should be dismissed as untimely filed. Even if the petition is considered on its merits, it fares no better and should be denied.

### B. Consecutive Sentences

Whether the Court considers Avalos's petition under § 2241 or § 2255, the result is the same. Avalos claims that, at sentencing, the District Judge ordered his "federal sentence to run concurrent with" any sentence issued from the then-pending state charges. Dkt. No. 18. This claim is factually meritless.

At the time of sentencing, Avalos was facing possible parole revocation because he committed the instant offense while on parole for state convictions. CR Dkt. No. 73, p. 22. The District Judge was silent during the sentencing hearing, as to whether the instant sentence would be consecutive or concurrent to any sentence that would arise from state parole proceedings. CR Dkt. No. 84, pp. 24-26. The written judgment was also silent on this issue. CR Dkt. No. 76.

The applicable statute provides that "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." 18 U.S.C. § 3584(a). The statute creates a presumption of consecutive sentences, unless the Court holds otherwise. See U.S. v. Medina, 309 F. App'x 907, 908–09 (5th Cir. 2009) (citing § 3584(a) for the proposition that "had the district court not specified one way or the other, the statutory presumption would have been that the instant sentences would run consecutively"). This presumption applies "in circumstances where a federal sentence predates a state sentence arising from the same conduct." U.S. v. Eiland, 711 F. App'x 730, 731 (5th Cir. 2017).

Admittedly, the Court had the authority, if it chose to do so, to order the sentences to be served concurrently. Setser v. U.S., 566 U.S. 231, 235–36 (2012). Instead, the District Judge was silent concerning the issue, creating the statutory presumption that the sentences were to be served consecutively. Avalos points to no evidence in the record establishing

---

basis as a substantive claim, it is untimely filed for the reasons stated earlier. Furthermore, equitable tolling is not warranted for those same reasons.

that the District Judge issued a concurrent sentence or even discussed the yet to be decided, let alone imposed, state sentence.

Furthermore, in instances where the defendant is on parole at the time of sentencing, the Sentencing Guidelines give the District Judge the discretion to choose whether the sentence will be served consecutively or concurrently to any potential parole revocation sentence. U.S.S.G. § 5G1.3(d). This guideline applies "in cases in which the defendant was on federal or state probation, parole, or supervised release at the time of the instant offense." U.S.S.G. Manual § 5G1.3(d) cmt. Background (2013).[6] The application notes for that guideline set forth that, under those circumstances, it is recommended that "the sentence for the instant offense be imposed consecutively to the sentence imposed for the revocation." Id. Thus, the consecutive nature of Avalos's sentences is not contrary to the Guidelines recommendation.

No matter how this claim is cast, it is factually meritless and should be denied.

## IV. Recommendation

It is recommended that the Petitioner Angel Avalos's Motion to Vacate, Set Aside or Correct his Sentence pursuant to 28 U.S.C. § 2255, Dkt. No. 1, be dismissed as untimely filed, or alternatively, denied as meritless.

### A. Certificate of Appealability

Unless a circuit justice or judge issues a Certificate of Appealability ("COA"), a petitioner may not appeal the denial of a § 2255 motion to the Fifth Circuit. 28 U.S.C. § 2253(a),(c)(1). A petitioner may receive a COA only if he makes a "substantial showing of the denial of a constitutional right." § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). To satisfy this standard, a petitioner must demonstrate that jurists of reason could disagree with the court's resolution of his constitutional claims or that jurists could

---

[6] The 2013 Sentencing Guidelines was the one in effect at the time of the commission of the offense; the 2014 Sentencing Guidelines was in effect at the time of sentencing. This particular Guideline was not amended between 2013 and 2014, so there is no substantive difference in which Guidelines were used. See U.S. v. Myers, 772 F.3d 213, 219 (5th Cir. 2014) (Ex Post Facto violation "occurs when application of the Guidelines in effect at sentencing results in a harsher penalty than would application of the Guidelines in effect when the offense was committed.").

conclude that the issues presented are adequate to deserve encouragement to proceed further. Id. at 327; Moreno v. Dretke, 450 F.3d 158, 163 (5th Cir. 2006). A district court may sua sponte rule on a COA, because the court that denies relief to a petitioner is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000).

After reviewing Avalos's § 2255 motion and the applicable Fifth Circuit precedent, the Court is confident that no outstanding issue would be debatable among jurists of reason. Although Avalos's § 2255 motion raises issues that the Court has carefully considered, he fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Accordingly, it is recommended that a COA should be denied.

### B. Notice to Parties

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation in which to file written objections, if any, with the United States District Judge. 28 U.S.C. § 636(b)(1). A party filing objections must specifically identify the factual or legal findings to which objections are being made. The District Judge is not required to consider frivolous, conclusive, or general objections. Battle v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

If any party fails to timely object to any factual or legal findings in this Report and Recommendation, the District Judge is not required to conduct a de novo review of the record before adopting these findings. If the District Judge chooses to adopt such findings without conducting a de novo review of the record, the parties may not attack those findings on appeal, except on the grounds of plain error. Alexander v. Verizon Wireless Servs., L.L.C., 875 F.3d 243, 248 (5th Cir. 2017).

DONE at Brownsville, Texas on October 3, 2019.

_____
Ronald G. Morgan
United States Magistrate Judge

